## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

v.

Daniel Lee Miller

July 31, 1989

Case Nos. 89-46 and 89-47

By JUDGE ROBERT K. WOLTZ

The defendant is charged with robbery. He filed motion to suppress a pretrial identification and, on the basis of that pretrial identification, asserts his in-court identification at his preliminary hearing was tainted also and should be suppressed. The motion is denied.

The victim, a clerk in a convenience store, was robbed at night at gunpoint. The store was brightly lit and the robber was the only person other than the victim to be in the store during the entire incident. The robber obtained some merchandise and paid for it at the cash register counter where the two were in very close proximity to each other. As the victim turned around from the cash register he was confronted by the robber pointing a gun in his face accompanied by a demand for money, which was complied with.

The robber fled, the victim observing him, to an automobile on the parking lot of a nearby commercial establishment. The victim promptly called the police, but in his testimony at the suppression hearing inexplicably and unbelievably said that he at no time had ever given any description of the robber to the police.

Within a short time the police saw the defendant in a car. At their request he accompanied them to the police station where he was placed in a room by himself

for a time. The victim was in an adjoining room and had a view of the first room without himself being observable. The victim is white and the defendant is black.

There was testimony that another black male was first placed in the room, that the victim was unsure or doubtful about the identity of that person. Shortly thereafter when the defendant was placed in the room the victim immediately and unequivocally identified him as the robber. The defendant testified that he did not consider himself under arrest during this time and he did in fact leave the police station shortly after the identification was, unbeknownst to him, made. The evidence shows that the identification was made within thirty minutes after the robbery occurred.

This procedure is essentially a show up, or a show up with lineup overtones. The law of post-indictment lineups and . identifications has no application to the factual situation here. In the factual context here the matter is one of possible violation of the defendant's due process rights. Determination of this issue has shifted from one dependent on the matter of "fairness", *Simmons v. United States*, 390 U.S. 377 (1968), to one of "reliability" as set forth in *Manson v. Brathwaite*, 432 U.S. 98 (1977), and *Neil v. Biggers*, 409 U.S. 188 (1972). The reliability of an identification is determined from all the circumstances. *Zeigler v. Commonwealth*, 212 Va. 632 (1972).

While the prosecution may use identification evidence which was reliable even though it was suggestive, *Manson*, none of the evidence indicates any suggestiveness. It does show an excellent opportunity of the witness to view the perpetrator of the crime, that the witness' attention was highly centered on the robber, he was quickly and positively certain of the identification upon seeing the defendant, and a rather short time had elapsed between the crime and the identification, which are important factors as stated by *Neil*. The only factor mentioned in that case which is missing is the accuracy of the victim's prior description of the robber as he said he had given no prior description, but if he did not, then the evidence adduced fails to demonstrate how the police were able to pick up the defendant and take him to the station house for the identification procedure.

In addition to finding no suggestibility in the identification, the court does find reliability and no

violation of the defendant's rights. *See Stovall v. Denno*, 388 U.S. 283 (1967), and *Lesoine v. Commonwealth*, 209 Va. 399 (1968), cases with some roughly similar features to this one and in both of which no violation of the rights of the defendant was found.

The reliability of the identification in the first instance being found, there is no other evidence introduced that would throw doubt on the reliability of the identification at the preliminary hearing. The reliability having been established, the evidence of identification is not suppressed and is admissible. The identification evidence being admissible, the issue now passes from one of reliability, a question of law, to the matter of the accuracy of the identification, a question of fact for the jury.